UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-66-KAC-JEM |
| | ) | |
| PATRICK WARREN HEBERT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Patrick Hebert's Motion to Continue [Doc. 19], filed on January 7, 2026.

Defendant requests the Court to continue the motion deadline, the plea deadline, and the trial, set for February 3, 2026 [*Id.* at 1]. In support of the motion, Defendant states that his counsel has been involved in continued discussions with the Government, but despite due diligence, additional time will be required to view additional discoverable material in this case, which the Government is currently working to provide [*Id.* ¶ 1]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 4]. Defendant understands his speedy trial rights and understands that the time period of this continuance is excluded from the speedy trial computation [*Id.* ¶ 3].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both

result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs more time to receive and review discovery, continue plea discussions, and if those are not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the February 3, 2026 trial date.

The Court therefore **GRANTS** Defendant Patrick Hebert's Motion to Continue [**Doc. 19**]. The trial of this case is reset to **May 5, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on January 7, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Patrick Hebert's Motion to Continue [**Doc. 19**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 5, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 7, 2026**, and the new trial date of **May 5, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 3, 2026**;

(5) the deadline for filing motions *in limine* is **April 20, 2026**, and responses to motions *in limine* are due on or before **April 28**, **2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 16, 2026, at 1:30 p.m.,** and

2

Case 3:25-cr-00066-KAC-JEM    Document 20    Filed 01/12/26    Page 2 of 3    PageID #: 44

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 24, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge