# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

UNITED STATES OF AMERICA,       )
                                )
    Plaintiff,               )
                                )
v.                              )    No. 3:25-CR-66-KAC-JEM
                                )
PATRICK WARREN HEBERT,          )
                                )
    Defendant.               )

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Patrick Warren Hebert's Motion to File Out of Time Pretrial Motion, asking to file a motion to suppress as evidence the contents of a suitcase seized and searched on December 13, 2024, beyond the motion deadline [Doc. 21 p. 1], and the Government's Motion for Extension of Time to file Response to Motion to Suppress [Doc. 26].

The last pretrial motion deadline in this case expired on September 3, 2025 [Doc. 9 p. 1]. As grounds for the late motion, Defendant explains that his counsel and the Government have continued to search for additional discovery material based upon Anderson County Sheriff's Office's ("ACSO") lack of body-worn and cruiser video of traffic stops [Doc. 21 p. 1]. Defendant's counsel has conducted additional investigation into the facts surrounding Defendant's arrest on December 13, 2024 [*Id.*]. His motion reflects that the Government does not oppose the request for the late filing nor the request for a motion hearing [*Id.*].

The Court ordered Defendant to supplement his motion and requested clarification of the timeline and details of the investigation [Doc. 23]. In the supplement, Defendant explains that

initial discovery in his case lacked any audio/video evidence from the traffic stop and his arrest [Doc. 24 ¶ 1]. He states that further investigation was needed to assess how the traffic stop occurred, determine what was said between Defendant and the arresting officers, and to attempt to create a timeline of events [*Id.*]. He asserts that his counsel requested any audio/video recordings of the interaction with Defendant and ACSO, but that the request went unanswered [*Id.* ¶ 2]. Following a subsequent request, Defendant's counsel received the radio traffic surrounding Defendant's arrest and the Computer Aided Dispatch report from ACSO [*Id.*]. Defendant avers that simultaneously, the Government reached out to ACSO and the 7th Judicial Taskforce to inquire where any audio/video recordings of Defendant's arrest existed, but it was unsuccessful in obtaining additional information/evidence from the agencies [*Id.* ¶ 3].

Motions seeking suppression of evidence must be made before trial. Fed. R. Crim. P. 12(b)(3)(C). The Court has discretion to permit an untimely motion upon a showing of "good cause." Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). When determining the potential prejudice from a late-filed motion, the Court considers "all interests in the particular case" including those of the Court and the public. *Id*. at 339 (quoting Advisory Committee Notes to Fed. R. Crim. P. 12(c)(3)).

Here, Defendant explains that the late suppression motion is due to the unsuccessful attempts to receive audio/video recordings of his arrest. The Court notes that the Government does not assert prejudice and consents to the leave requested. Accordingly, the Court finds that Defendant clears the good cause hurdle.

For the foregoing reasons, the Court **ORDERS** as follows:

(1) Defendant Patrick Hebert's Motion to File Out of Time Pretrial Motion [**Doc. 21**] and the Government's Motion for Extension of Time to File Response to Motion to Suppress [**Doc. 26**] are **GRANTED**;

(2) the Government shall respond to Defendant Patrick Hebert's [Doc. 21] on or before **April 20, 2026**;

(3) Defendant may file a reply on or before **April 27, 2026**; and

(4) **on or before April 27, 2026**, Defendant shall confer with counsel for the Government and file a notice of availability for a hearing during the weeks of May 4, May 18, and June 1, 2026.

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge

3